IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00512-EWN-MJW

AMANDA SILVA RODRIGUEZ,

Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA,
a/k/a SUN LIFE FINANCIAL, a Delaware Corp.,

Defendant.

---

## PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS

---

Defendant Sun Life Assurance Company of Canada, a/k/a Sun Life Financial, a Canadian corporation ("Sun Life"), by its counsel, Frederick W. Klann and John T. Osgood of White & Steele, P.C. move the Court for the following Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of confidential information (as hereinafter defined), and as grounds therefore, state as follows:

1. This Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and exhibits, and other information disclosed pursuant to the disclosure or discovery duties of the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a).

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates trade secret or other confidential or proprietary research, development or commercial information or any common law or statutory privacy interests of the parties and their current or former employees, agents or authorized representatives. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties ;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, arbitrators, mediators or potential witnesses; and

(h) other persons by written agreement of the parties or Court order.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order advise them that Confidential information may not be disclosed or used for any purpose except the preparation and trial of this case and request a written acknowledgement stating the he or she has read the Protective Order and agrees to be bound by its provisions, (and for persons identified in paragraphs 4(c) and 4(d) that receive Confidential information, counsel shall obtain from their respective parties and expert witnesses written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions). All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.   A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the part designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

[Handwritten margin annotation: "Approved x-11-06"  and interlineation near "motion": "Cons s.s)e-? with D.C. Coler L.Civ R 7.2 And 7.3 ."]

9.   If any designating party inadvertently produces any document that it deems CONFIDENTIAL without designating it as CONFIDENTIAL information, upon discovery of such inadvertent disclosure, the designating party must promptly inform the recipient in writing, and that party shall thereafter treat the document as CONFIDENTIAL information under this Protective Order.

10.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy

CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

11.  Within thirty (30) days after the final termination of this litigation, including appeal, each party shall either return to the other party or give written confirmation that it destroyed all documents designated by that party as confidential information and all copies thereof, and that it destroyed all extracts, excerpts and summaries of data from such documents, except that counsel for each party may retain one copy of each document with their files of this case, for record purposes only.

12.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

13.  This Protective Order shall have no effect upon a determination regarding the admissibility of any documents.

SO ORDERED this 11th day of August, 2006.

BY THE COURT:

*[signature]*

United States Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE