IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00512-EWN-MJW

AMANDA SILVA RODRIGUEZ,

    Plaintiff,

v.

SUN LIFE ASSURANCE COMPANY OF CANADA, a/k/a SUN LIFE FINANCIAL, a Canadian corporation,

    Defendant.

**ORDER REGARDING THE BOULDER VALLEY SCHOOL DISTRICT RE-2's MOTION TO QUASH SUBPOENA AS SERVED ON BOULDER VALLEY SCHOOL DISTRICT AND SHERI WILLIAMS (DOCKET NO. 49)**

**Entered by United States Magistrate Judge Watanabe**

This matter is before the court for an *in camera* review of documents pursuant to a Fed. R. Civ. P. 30(b)(6) subpoena that was served upon the Boulder Valley School District RE-2 regarding the case before this court captioned *Amanda Silva Rodriguez v. Sun Life Assurance Company of Canada, a/k/a Sun Life Financial, a Canadian corporation, case* no. 06-cv-00512-EWN-MJW. The court has now received and reviewed, *in camera*, the subject documents that have been submitted by the Boulder Valley School District RE-2 to the court pursuant to this court's minute order dated November 13, 2006 (docket no. 54). The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court has now reviewed the subject documents, *in camera*, pursuant to

2

<u>Martinelli v. District Court</u>, 199 Colo. 163, 612 P.2d 1083 (Colo. 1980), and in light of the claims and defenses raised in the pleadings, and I find:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That the Boulder Valley School District RE-2 submitted per this court's minute order dated November 13, 2006 (docket no. 54), the subject documents for *in camera* inspection by the court;

4. That the Boulder Valley School District RE-2 separated the subject documents into groups and labeled them as follows:

   a. S. Williams;

   b. Other employee confidential information;

   c. Documents from V. Campbell;

   d. Personnel file;

   e. Working file;

   f. Other employee confidential information;

   g. Confidential student information; and

   h. Bob's file.

5. That as to paragraph 4 a. above, only six (6) of the pages of the S. Williams documents (which this court has numbered 1-6, inclusive, in the bottom right-hand corner of each page) should be provided to the parties.

6. That as to paragraph 4 b. above, only twenty-seven (27) of the pages of the Other employee confidential information documents (which this court has numbered 1-27, inclusive, in the bottom right-hand corner of each page) should be provided to the parties.

7. That as to paragraphs 4 c. through 4 h., inclusive, above, all documents should be provided to the parties.

8. That the right of privacy is outweighed by the need for this discovery, and the subject documents as listed in paragraphs 5, 6, and 7, above are discoverable and are calculated to lead to admissible evidence at trial.

### ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That the Boulder Valley School District RE-2's Motion to Quash Subpoena as served on Boulder Valley School District and Sheri Williams (docket no. 49) is **GRANTED IN PART AND DENIED IN PART**;

2. That the motion is **DENIED** consistent with paragraphs 5, 6, and 7 in the Findings of Fact and Conclusions of Law section of this Order above;

3. That the remainder of the motion is **GRANTED**;

4. That copies of the documents as outlined in paragraphs 5, 6, and

4

7, in the Findings of Fact and Conclusions of Law section of this Order above shall be provided by this court to the Boulder Valley School District RE-2. The Boulder Valley School District RE-2 shall then provide copies of these documents to the parties on or before December 11, 2006;

5. That copies of the documents as outlined in paragraphs 5, 6, and 7 in the Findings of Fact and Conclusions of Law section of this Order above may be used by the parties for the limited purpose of this case only and for no other purpose;

6. That all of the documents that the Boulder Valley School District RE-2 submitted to this court for *in camera* review are sealed and shall not be opened except by further Order of Court;

7. That the documents as outlined in paragraphs 5, 6, and 7, in the Findings of Fact and Conclusions of Law section of this Order shall also be sealed and shall not be opened except by further Order of Court; and,

8. That each party shall pay their own attorney fees and costs for this motion.

Done this 30th day of November 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge

5

CERTIFICATE OF SERVICE

      I hereby certify that on November 30, 2006, a copy of this Order was provided to Melissa Mequi at the Boulder Valley School District RE-2, 6500 Arapahoe, Boulder CO 80303 by placing a copy into the US Mail, proper postage affixed thereto.

<u>s/Darlene E. Toal</u>
DARLENE E. TOAL
Judicial Assistant